**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **BRIAN L. PONDER**, <br><br> Plaintiff, <br><br> v. <br><br> **PROSPER MARKETPLACE, INC.**, <br><br> Defendant. | <br><br><br><br> Case No. 1:26-cv-01716-DLC <br><br> **DECLARATION OF BRIAN L. PONDER** |

I, Brian L. Ponder, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am the Plaintiff in this action and submit this declaration in opposition to Defendant's motion to compel arbitration.

2. I have personal knowledge of the facts stated herein.

3. I do not recall ever being presented with, reviewing, or agreeing to any arbitration agreement with Prosper Marketplace, Inc.

4. I do not recall being shown any "Terms & Conditions" containing an arbitration clause during any application process.

5. I do not recall scrolling through, downloading, or otherwise accessing any document resembling the agreement attached by Defendant as Exhibit B.

6. I do not recall checking any box stating that I agreed to any arbitration provision.

7. I do not recall clicking any button labeled "Agree & Continue" or any similar assent mechanism tied to an arbitration agreement.

8. I do not recall receiving any email from Prosper containing the alleged Terms & Conditions or arbitration agreement.

9. I do not recall receiving any mailing containing the alleged Terms & Conditions or arbitration agreement.

10. I do not know whether I applied for any Prosper-related product directly through Prosper's website or through another platform or channel.

11. I do not recall any application process in which arbitration terms were clearly presented to me before any alleged acceptance.

12. I do not recall being informed that any dispute would be subject to arbitration.

13. I do not recall being informed that questions of arbitrability would be decided by an arbitrator.

14. I do not recall being given any opportunity to reject an arbitration provision.

15. To the extent Defendant contends that I "agreed" to arbitration by using a card, I was not aware of any arbitration terms at the time of any such use.

16. To the extent Defendant contends that I "agreed" by failing to cancel within thirty days, I was not aware of any arbitration provision or rejection procedure.

17. I was not provided with any arbitration agreement prior to any alleged acceptance through use, non-cancellation, or otherwise.

18. I do not recall activating any card through a process that presented arbitration terms.

19. I do not recall being required to review or accept any arbitration provision as a condition of activation or use.

20. Defendant has not produced any documents or records that I recognize as reflecting my agreement to arbitration.

21. I have not been shown any account-specific record demonstrating that I agreed to arbitration.

22. If any such records exist, they have not been provided to me.

23. Based on my personal knowledge, I did not knowingly agree to arbitrate any claims against Prosper.

24. I did not knowingly waive my right to bring claims in a judicial forum.

25. I did not knowingly agree to delegate questions of arbitrability to an arbitrator.

26. I do not believe that I entered into any agreement containing the arbitration provision relied upon by Defendant.

27. To the extent Defendant relies on generalized descriptions of its systems or business practices, those descriptions do not reflect my personal experience or recollection.

28. I have reviewed Defendant's motion and supporting declaration, and I dispute that I entered into any arbitration agreement.

29. I further dispute that I was provided with the agreement attached as Exhibit B prior to any alleged acceptance.

30. I further dispute that I manifested assent to any arbitration provision through any electronic or other conduct.

31. Because I did not agree to arbitration, I object to Defendant's attempt to compel arbitration of my claims.

32. I respectfully request that the Court deny Defendant's motion to compel arbitration.

33. In the alternative, if the Court determines that the making of the arbitration agreement is in issue, I request that the Court permit discovery and proceed in accordance with 9 U.S.C. § 4.

     I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 27, 2026

Brian L. Ponder

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **BRIAN L. PONDER**, <br><br> Plaintiff, <br><br> v. <br><br> **PROSPER MARKETPLACE, INC.,** <br><br> Defendant. | <br><br><br> Case No. 1:26-cv-01716-DLC <br><br> **CERTIFICATE OF SERVICE** |

I certify that a copy of the foregoing document was served upon all parties via CM/ECF.


Respectfully submitted,


Dated: New York, New York
         March 27, 2026

s/ Brian L. Ponder
Brian L. Ponder
745 Fifth Avenue, Suite 500
New York, New York 10151
Tel: (646) 450-9461
Email: brian@brianponder.com
PLAINTIFF (pro se)